UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee on behalf of PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, and NORTHERN ILLINOIS PAINTERS, DECORATORS AND DRYWALL FINISHERS JOINT APPRENTICESHIP AND TRAINING FUND; DONALD STEADMAN, Trustee on behalf of the NORTHERN ILLINOIS PAINTING AND DRYWALL INSTITUTE; and the DISTRICT COUNCIL NO. 30 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO, a labor organization,<br><br>     Plaintiffs,<br> v.<br><br>ASHLAUR CONSTRUCTION COMPANY, INC., an Illinois corporation, and ZOLLIE CARRADINE, an individual,<br><br>     Defendants. | 08cv1499<br>FILED:03/13/08   AEE<br>JUDGE NORGLE<br>MAG. JUDGE NOLAN |

## COMPLAINT

1. This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, to collect delinquent employee benefit fund contributions and union dues, and seeking confirmation and enforcement of a labor arbitration award.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Count I pursuant to Section 301(c) of the LMRA and Section 502(e)(1) or ERISA, 29 U.S.C. §§ 185(c) and 1132(e)(1), over Count II pursuant to Section 301(c) of the LMRA, 29 U.S.C. § 185(c), and over Count III pursuant to

Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, and Section 301(c) of the LMRA, 29 U.S.C. §§ 185(c).

3. Pursuant to Section 301(a) of the LMRA and Section 502(e)(2) of ERISA, 29 U.S.C. §§ 185(a) and 1132(e)(2), venue is proper in this district because the Funds are administered in this judicial district, because the arbitration award was made in this judicial district, and because Plaintiffs and Defendants are located within this judicial district.

**PARTIES**

4. The Painters' District Council No. 30 Pension Fund (the "Pension Fund"), the Painters' District Council No. 30 Health and Welfare Fund (the "Health and Welfare Fund"), the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Funds (the "Apprenticeship Fund"), and the Northern Illinois Painting and Drywall Institute (the "NIPDI") (collectively, the "Funds") are employee benefit trusts and/or plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

5. Plaintiff Charles E. Anderson is a fiduciary and trustee of the Pension Fund, the Health and Welfare Fund, and the Apprenticeship Fund.

6. Plaintiff Donald Steadman is a fiduciary and trustee of NIPDI.

7. District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO (the "Union") is a labor organization. The Union is entitled to collect dues and defense fund contributions, and contributions to the Painters and Allied Trades Labor Management Cooperation Initiative ("P&AT LMCI") f/k/a the International Brotherhood of Painters and Allied Trades Labor Management Fund, on behalf of employees covered by one or more collective bargaining agreements.

8. Ashlaur Construction Company, Inc. ("Ashlaur") is an Illinois corporation and an em-

ployer engaged in the construction painting industry throughout northeastern Illinois.

9. Zollie Carradine ("Carradine") is Ashlaur's principal officer and, upon information and belief, its majority shareholder.

### COUNT I

10. Defendant Ashlaur has at all relevant times been bound by one or more Collective Bargaining Agreements ("CBAs") with the Union, the most recent of which is in effect until April 30, 2008. The Funds are third-party beneficiaries of the CBAs.

11. Pursuant to the CBAs, Defendant has agreed to adopt and be bound by the provisions of the Funds' Trust Agreements ("Trust Agreements") and the rules and regulations promulgated by the Funds' Trustees under the Trust Agreements. The CBAs and the Trust Agreements require Defendant to pay continuing and prompt contributions to the Funds for work performed by covered employees in accordance with the applicable CBAs.

12. The Trust Agreements require participating employers to advise the Funds of the identity of the employees for whom contributions are owed, the hours worked by each employee, and such other information as the Trustees may require, and to remit the amounts owed to the Funds for those employees.

13. Pursuant to ERISA and the Trust Agreements, Plaintiffs conducted an audit of Defendant's business records. The audit found that, during the period June 1, 2005, through December 31, 2006 (the "Audit Period"), Defendant breached the provisions of ERISA, the LMRA, the CBAs, and the Trust Agreements by failing to pay contributions to the Funds totaling $28,974.11 and failing to remit dues and contributions to the Union totaling $2,306.77.

14. Pursuant to the CBAs, the Trust Agreements, the LMRA, and Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Defendant is liable to the Funds and the Un-

ion for the delinquent contributions, dues, and assessments, and for interest on the delinquent contributions, the greater of interest or statutory liquidated damages, audit costs, and attorneys' fees and costs.

**WHEREFORE,** Plaintiffs request that this Court grant the following relief:

(a) Enter judgment in Plaintiffs' favor and against Defendant Ashlaur for:

   i. all delinquent contributions at the interim contribution rates that are owed for the Audit Period, plus union dues and defense fund assessments;

   ii. interest on the delinquent contributions to the Funds;

   iii. an amount equal to the greater of the interest on the delinquent contributions to the Funds or statutory liquidated damages of twenty percent (20%) of the delinquent contributions to the Funds at the interim contribution rates; and

   iv. attorneys' fees and costs, including audit expenses, incurred by Plaintiffs in connection with this action.

(b) Enter an order enjoining the Defendant Ashlaur from failing to submit accurate reports and the proper amount of contributions, dues, and assessments to Plaintiffs.

(c) Retain jurisdiction of this cause pending compliance with its orders.

(d) Grant such further or different relief as this Court may deem proper and just.

## COUNT II

15. Plaintiffs allege and incorporate by reference paragraphs 1 through 14 above.

16. This Court has supplemental jurisdiction over the claim set forth in Count II pursuant to 28 U.S.C. § 1367.

17. The CBA requires the employer, before commencing work covered by the CBA, to provide a performance or surety bond in a form acceptable to the Union and Association sufficient to pay all the contributions, dues, assessment, and wages owed under the CBA. The bond is to be written by an authorized and licensed insurance carrier or secured by a cash deposit of the bond's full amount in an account maintained jointly by the Trustees of the Funds receiving contributions pursuant to the CBA, or secured by personal assets that equal or exceed in value the full amount of the bond, or secured by a combination of the foregoing. The CBA requires that the employer maintain the bond for the duration of the CBA and six months after it terminates and that the bond be payable upon the Union's written demand.

18. The CBA provides that if the employer fails to satisfy the bonding requirement, the corporate officials authorized to execute agreements or sign checks for the employer shall be personally liable for the contributions, dues, assessments, and wages owed under the CBA or the Funds' Trust Agreements.

19. Carradine was at all relevant times authorized to execute documents and sign checks for Ashlaur.

20. Ashlaur and Carradine failed to pay contributions, dues, and assessments totaling $31,280.88 to the Funds and Union for the Audit Period as required by the CBA and the Funds' Trust Agreements.

21. Carradine failed to provide the required surety bond required under the CBA and therefore is personally liable for the contributions, dues, and assessments owed to the Funds and Un-

ion for the Audit Period and for any additional contributions, dues, and assessments that have or will become due in accordance with the CBA and the Funds' Trust Agreements.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

(a) enter judgment in Plaintiffs' favor and against Defendant Carradine for all the delinquent contributions at the interim contribution rates that are owed, plus union dues and defense fund contributions;

(b) Retain jurisdiction of this cause pending compliance with its orders; and

(c) Award such further or different relief as this Court may deem proper and just.

### COUNT III

22. Plaintiffs allege and incorporate by reference paragraphs 1 through 21 above.

23. The CBA provides for dispute resolution through a grievance and arbitration procedure that originates with the Joint Trade Board (the "JTB"). The JTB consists of twelve members, six appointed by the Union and six appointed by the Association.

24. Section 13.3 of the CBA provides that "[a]ny decision of the Joint Trade Board shall be final and binding upon every party and any signatory to this Agreement."

25. Section 13.5 of the CBA provides for the payment by any employer found by the JTB to have violated the CBA of the reasonable attorneys' fees incurred by any party to the CBA in obtaining judicial enforcement of an award of the JTB.

26. In about January 2007, the Union filed charges with the JTB against Ashlaur for violating Section 12.2 of the CBA. Ashlaur received notice of the charges along with notice that a hearing before the JTB was scheduled for February 20, 2007.

27. On February 20, 2007, the JTB held a hearing on the charges against Ashlaur. Despite receiving notice of the charges and of the date and time of the hearing, Ashlaur failed to appear.

28. Based upon the evidence presented, the JTB found that Ashlaur had violated the Agreement by failing to maintain a performance or surety bond before commencing covered work as required by the CBA and ordered Ashlaur to pay a fine of $10,000.

29. The findings, decision and award of the JTB are final and binding.

30. On or about February 20, 2008, Ashlaur received written notice of the JTB's Decision and Award, including notice that all amounts were to be paid within ten business days.

31. To date, Ashlaur has not paid the fine as required by the JTB's Decision and Award and has failed and refused to comply with the JTB's Decision.

WHEREFORE, Plaintiffs request that this Court grant the following relief:

(a) Enter judgment in favor of the Union and against Defendant Ashlaur, confirming the Joint Trade Board's Decision and Award and ordering Ashlaur to pay $10,000 to the Union;

(b) Order Ashlaur to pay the Union its reasonable attorneys' fees and costs;

(c) Retain jurisdiction of this cause pending compliance with its orders; and

(d) Grant any other relief this Court deems just and proper.

                Respectfully submitted,

                  s/ David Huffman-Gottschling
                One of Plaintiff's Attorneys

David Huffman-Gottschling
ARDC No. 6269976
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603

(312) 372-1646
davidhg@jbosh.com